UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD JOSEPH ESPEY, | No. 2:14-cv-02511 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

I. Motion to Dismiss

On May 11, 2015, defendants filed and served a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.)

More than 60 days have passed, and plaintiff has neither filed an opposition nor a statement of non-opposition to the pending motion to dismiss.

Pursuant to the Local Rules of this court, failure to timely respond to a motion may be deemed a waiver of opposition. See Local Rule 230(l). In addition, Local Rule 110 provides that failure to comply with the Local Rules or any order of this court "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Rule 41(b), Federal Rules of Civil Procedure, authorizes the involuntary dismissal of an

1

action due to a plaintiff's failure to prosecute, or to comply with the Federal Rules or a court order.

The court notes, however, that plaintiff recently filed a notice of change of address with this court. (ECF No. 29.) Because it is possible that plaintiff was not served with a copy of the defendants' motion to dismiss, the court will grant plaintiff an extension of time in which to file an opposition or a statement of non-opposition to that motion. Plaintiff is cautioned that under the Local Rules of this court:

> Each . . . pro se party is under a continuing duty to notify the Clerk [of the Court] and all other parties of any change of address or telephone number of . . . the pro se party. Absent such notice, service of documents at the prior address . . . shall be fully effective.

Local Rule 182(f). In the future, plaintiff must promptly notify the court and the defendants of any change of address, or else the court will assume that all documents have been properly served upon him.

II. Request re: Local Rule 230(l)

Defendants have requested that the court find that Local Rule 230(l) no longer applicable to this action, on the grounds that plaintiff has been released from state prison and now resides in Redding, California.

Local Rule 230(l), entitled "Motions in Prisoner Actions," provides:

> All motions, except motions to dismiss for lack of prosecution, filed in actions where one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

Id. If the court were to grant defendants' request, those provisions of Local Rule 230 that

2

ordinarily apply in non-prisoner cases would henceforth apply to this action. In particular, the parties would gain the ability to calendar motions for hearing before the undersigned, oppositions to such motions would be due fourteen days prior to the hearing date, and replies, if any, would be due seven days prior to the hearing date.

Having carefully considered defendants' request, the court determines it to be meritorious, and accordingly, finds that Local Rule 230(l) no longer applies to this action. In so deciding, the court recognizes that it may be difficult for plaintiff to travel from Redding to Sacramento for any scheduled hearings in this case. Plaintiff is advised that he may appear for hearing by telephone by following the undersigned's Case Management Procedures, a copy of which will be served upon him together with this order. Alternately, if plaintiff does not wish to make an appearance at hearing (whether in person or by telephone), he may file a notice so indicating with the court.

III.  Conclusion

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve a copy of the pending motion to dismiss (ECF No. 26) on plaintiff.

2. Within 21 days after the filing date of this order, plaintiff shall file and serve an opposition, or statement of no opposition, to the pending motion to dismiss. Failure to timely file an opposition, or statement of no opposition, will be deemed as plaintiff's consent to have this action dismissed for lack of prosecution, and failure to comply with the Local Rules and Federal Rules of Civil Procedure. Said failure shall result in a recommendation that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendants' request for an order finding Local Rule 230(l) no longer applicable to this action (ECF No. 23) is granted, except that Local Rule 230(l) shall continue to apply to the pending motion to dismiss.

/////
/////
/////
/////

4. The Clerk of the Court is directed to serve a copy of the undersigned's Case Management Procedures on plaintiff.

Dated: July 17, 2015

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
espe2511.nooppo+lr230