UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD JOSEPH ESPEY,<br><br>Plaintiff,<br><br>v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>Defendants. | No. 2:14-cv-02511 KJM DAD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On May 11, 2015, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.) More than two months passed, during which time plaintiff failed to file either an opposition or a statement of non-opposition to the motion to dismiss. Consequently, on July 20, 2015, the court issued an order directing plaintiff to file an opposition or statement of non-opposition to the motion within twenty-one days, and cautioning him that his failure to so file would be construed as consent to having this action dismissed for lack of prosecution. (ECF No. 30 at 3.) Plaintiff had previously been advised, by order dated January 30, 2015, of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion could be deemed a waiver of opposition to the motion. (See ECF No. 18.)

Nonetheless, and despite being ordered to do so, plaintiff has still not filed an opposition or a statement of non-opposition to defendants' pending motion to dismiss.

/////

1

**DISCUSSION**

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been pending before the court since October 2014, and defendants filed their motions to dismiss almost four months ago. Plaintiff's repeated failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no intention to diligently pursue. Notably, the court has repeatedly warned plaintiff that his failure to file his oppositions to defendants' motion to dismiss would result in a recommendation that this action be dismissed for lack of prosecution. Inexplicably, plaintiff has failed to file any opposition to defendants' pending motions to dismiss. Under these circumstances, there is no suitable less drastic alternative to dismissal of this case. In short, plaintiff's refusal to follow the court's orders has left the court stymied and made it impossible for this civil action to be adjudicated by the court. Therefore, due to plaintiff's conduct, the undersigned is left with no choice but to recommend dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal. Plaintiff's failure to oppose defendants' motions to dismiss prevents the defendants from addressing plaintiff's claims and unnecessarily delays resolution of this action thereby forcing

defendants to incur additional time and expense.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure …. The law presumes injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action.  However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to plaintiff's failure to prosecute and comply with the court's orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
espe2511.46dm